# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Clarissa Siebern, | No. CV-25-00618-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Robert Berry, III, et al., | |
| Defendants. | |

The parties have submitted their joint report to the Court and have agreed upon deadlines in this case. There are no substantive disputes to address in a Rule 16 Case Management Conference.

Accordingly, IT IS ORDERED the **Case Management Conference**, currently set for **Tuesday, April 21, 2026** at **11:40 a.m.** is **VACATED**.

**IT IS FURTHER ORDERED:**

A.      **Initial disclosures** as defined under Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Federal Rule") 26(a)(1) shall be exchanged on or before **Friday, April 24, 2026**. To satisfy the requirements of Fed. R. Civ. P. 26(a), the parties shall file a Notice of Initial Disclosure with the Clerk of the Court.

B.      Parties are given until **Friday, July 24, 2026** for leave to move to **join additional parties**. Fed. R. Civ. P. 15(a)(1). Parties are given until **Friday, July 24, 2026** to move to **amend pleadings**. *Id.* Thereafter, the Court will entertain these motions only for good cause. Fed. R. Civ. P. 16.

C.    Both Parties shall disclose the names of the **expert witnesses** and expert reports to be used at trial pursuant to the provisions of Rule 26(a)(2) and (3) of the Federal Rules, on or before **Friday, August 21, 2026**. Both Parties shall disclose **rebuttal experts** on or before **Friday, September 25, 2026**. **All other witnesses** shall be disclosed on or before **Friday, September 04, 2026**.

D.    Counsel shall submit to the Court a brief **Joint Settlement Status Report** on or before **Friday, July 24, 2026** and **every 90 days thereafter**.

E.    All **discovery**, including answers to interrogatories, production of documents, depositions, and requests for admissions, must be completed by **Friday, October 23, 2026**. To satisfy Rule 5.2 of the Rules of Practice of the U.S. District Court for the District of Arizona ("Local Rules" or "LRCiv"), the parties shall file a Notice of Service of Discovery with the Clerk of the Court.

Parties are directed to Local Rule 7.2(j), which prohibits filing discovery motions unless parties have first met to resolve any discovery difficulties. If a discovery dispute arises which cannot be resolved by the parties, the parties shall notify the Judge's Law Clerk by telephone at: (520) 205-4540. The Court will promptly resolve the problem by scheduling a telephonic conference or by having the parties file motions with the required certifying statement. Counsel must conduct discovery in a timely manner that permits all discovery, *including the resolution of any discovery disputes*, before the discovery deadline.

F.    **Dispositive motions** shall be filed on or before **Friday, December 18, 2026**. Pursuant to LRCiv 7.2, counsel may file a motion, response, and reply. No other (supplemental) pleading will be considered unless a motion to file said pleading is granted by the Court. All pleadings submitted for the Court's review and decision must comply with the filing, time, and form requirements of the Local Rules. *See* LRCiv 12.1; 56.1. Additionally, any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. Exhibits must be indexed with tabs that correspond with the Table of Contents. Absent exigent circumstances, the Court will not consider

pleadings which do not conform to these requirements.

G. Counsel shall file a proposed **Joint Pretrial Order** on or before **Saturday, January 23, 2027**, unless dispositive motions are filed. If dispositive motions are filed, the Joint Pretrial Order shall be filed 30 days from the filing date of the Court's order on the dispositive motions. See attached Proposed Joint Pretrial Order for the required content.

H. **Motions in limine** shall be filed no later than **two weeks after the filing of the proposed Joint Pretrial Order**. Responses to motions in limine are due ten days after the motion in limine is filed. No replies are permitted. Any hearing on motions in limine will be set at the Pretrial Conference.

I. The **Pretrial Conference** will be set upon the filing of the proposed Pretrial Order, and the Trial Date in this matter will be set at the Pretrial Conference.

J. Counsel cannot, without the Court's approval, extend the deadlines imposed by the Court. **All motions and requests for extension of time** shall comply with LRCiv 7.3 and **must state the position of each other party**. All motions and requests for extension of discovery deadlines must include a summary of the discovery conducted to date, the anticipated discovery to be done if the request is granted, and the reasons why discovery has not been completed within the deadline. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension.

K. All motions, responses, and replies must comply with LRCiv 7.2(e). All requests for page extensions must be filed at least one week prior to the filing of the substantive document, must note how many prior extensions have been requested in the caption, and must state the position of all parties. Any page extension requests filed within one week of the substantive document will be denied.

L. All motions that are non-dispositive must have a proposed order attached in accordance with LRCiv 7.1(b)(2)–(3). A copy of the motion must be emailed in Microsoft Word (.doc) format to Chambers at: collins_chambers@azd.uscourts.gov, in

accordance with the Electronic Administrative Policies and Procedures Manual § II(G). These proposed orders must not be on law firm letterhead and must not contain any information identifying the party submitting the order, and they must set forth the relief requested, rather than incorporating the motion or stipulation by reference. *See also* LRCiv 7.1(b)(3). The email's subject line must include the case name, case number, state that it is a "proposed order for [name of motion]," and indicate whether the motion is opposed or unopposed.

M.     The parties shall provide to the Court a **bound hard copy** of any filing that is **more than ten (10) pages in length**, **motions to dismiss**, **motions for summary judgment**, motions for temporary restraining orders, sealed documents, **and any responses and replies thereto**. This applies to all attachments, appendices, and indices that are included with a motion filed with the Court. If the hard copy contains multiple documents, each document shall be individually tabbed. **Hard copies must be printed directly from ECF** to ensure that the ECF pagination is included in the Court's copy for ease of reference. *See* Electronic Administrative Policies and Procedures Manual § II(D)(3).

N.     Parties are specifically advised that pursuant to LRCiv 7.2(i), "[i]f a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, **such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily**." In addition, willful failure to comply with any of the terms of this order may result in dismissal of this action without further notice to the plaintiff, or sanctions upon the offending party. Fed. R. Civ. P. 16(f)(1)(C) & 37(b)(2).

O.     **Generative Artificial Intelligence ("AI") and Sanctions.** Attorneys and pro se litigants alike should exercise great caution when submitting any AI-generated language in filings before the Court. Litigants are reminded of their obligation under Rule

11(b) of the Federal Rules of Civil Procedure that their signed pleadings, motions, or other papers certify that "all legal contentions are warranted by existing law." **A party's signature on any pleadings, motions, or other papers generated by AI certifies that the AI generated portion of the filed document was verified for accuracy by using print reporters, traditional legal databases, or other reliable means by a human being.** AI systems are not factually or legally trustworthy sources and must be verified. **All parties are on notice that the Court has a no-tolerance policy for any briefing (AI-assisted or not) that hallucinates legal propositions or otherwise severely misstates the law. Such filings will often result in sanctions absent reasonable excuse.** *See United States* v. *Hayes*, 763 F. Supp. 3d 1054, 1064 (E.D. Cal. 2025), *reconsideration denied*, No. 2:24-CR-0280-DJC, 2025 WL 1067323 (E.D. Cal. Apr. 9, 2025) ("Submitting fictitious cases and quotations to the court degrades or impugns the integrity of the Court and interferes with the administration of justice.") (citation and quotation marks omitted). Sanctions may include, "monetary sanctions, striking filings, or referral to disciplinary authorities (or a combination thereof)." *Mavy v. Comm'r of Soc. Sec. Admin.*, No. CV-25-00689-PHX-KML, 2025 WL 2355222, at \*7 (D. Ariz. Aug. 14, 2025) (citing *Dehghani v. Castro*, 782 F.Supp.3d 1051 (D. N.M. 2025) (collecting cases)).

**The parties are warned that unfounded or unsupported AI-generated arguments and citations to non-existent cases is strictly prohibited and may result in sanctions.**

Dated this 14th day of April, 2026.

_____
Honorable Raner C. Collins
Senior United States District Judge

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

,

Plaintiff,

v.

,

Defendant.

No. CV-XXX-XXXXX-TUC-RCC

**[Proposed Joint Pretrial Order]**

Pursuant to the Scheduling Order previously entered, the following Proposed Joint Pretrial Order reflects the agreement of the parties and shall, upon approval of the Court, be incorporated into the Final Pretrial Order:

**I.    IDENTIFICATION OF PARTIES AND COUNSEL**

**II.    NATURE OF ACTION**

Provide a concise statement of the type of case, including the cause of action and the relief sought.

**III.    STATEMENT OF JURISDICTION**

State the claims and cite the statutes which give this Court jurisdiction over each claim.

**IV.    CONTENTIONS OF THE PARTIES**

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal or a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proven in order for the party to prevail on that

claim or defense.

## V.    STIPULATIONS AND UNCONTESTED FACTS

Identify any stipulations reached between the parties and any facts that are uncontested.

## VI.    CONTESTED ISSUES OF FACT

List issues of fact to be tried and determined upon trial.  Each issue of fact must be stated separately and in specific terms, followed by the parties' contentions as to each issue. E.g.:

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VII.    CONTESTED ISSUES OF LAW

The following are issues of law to be tried and determined upon trial. Each issue of law must be stated concisely, separately and in specific terms, followed by the parties' contentions as to each issue. E.g.:

Issue:

Plaintiff(s) contends:

Defendant(s) contends:

## VIII.    LIST OF WITNESSES

Each party shall provide a list of witnesses intended to be called at trial. As to each witness, identify whether he or she is a fact or expert witness and include a brief statement of the expected testimony of any expert witness.

The parties shall include the following text in this section of the Proposed Final Pretrial Order: "Each party understands that it is responsible for ensuring that the witnesses it wishes to call to testify are subpoenaed. Each party further understands that any witness a party wishes to call shall be listed on that party's list of witnesses; the party cannot rely on the witness having been listed or subpoenaed by another

- 2 -

party."

## IX.   LIST OF EXHIBITS

Each party shall provide a list of numbered exhibits.  As to each exhibit, the party shall include a description containing sufficient information to identify and distinguish the exhibit.  Further, a statement of either UNCONTESTED or CONTESTED shall follow each listed exhibit.  If contested, a brief statement of the objection by the opposing party shall also follow the listed exhibit.  Exhibits shall be marked according to the instructions received from  the  Court  (which shall be provided approximately two weeks prior to trial).

(e.g. – 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated 6/15/14. CONTESTED by *** for relevance, foundation, hearsay, etc.)

The parties shall include the following text in this section of the Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any objections not specifically raised herein are waived."

## X.   LIST OF DEPOSITIONS

Portions of depositions that will be read at trial must be listed by the party intending to introduce the same and must include the page and line number(s). A statement of either UNCONTESTED or CONTESTED shall follow every identified portion of each listed deposition.  If contested, a brief statement of the objection by the opposing party shall follow the listed portion of the deposition to be offered.

The parties shall include the following text in this section of the joint Proposed Final Pretrial Order: "Each party hereby acknowledges by signing this joint Proposed Final Pretrial Order that any deposition not listed as provided herein will not be permitted at trial absent good cause."

///

- 3 -

## XI.    JURY TRIAL or BENCH TRIAL

A.    <u>For a Jury Trial</u>

Trial briefs (only upon request of the Court), proposed voir dire, deposition testimony, objections to exhibits and depositions, stipulations, interrogatories to the jury, and stipulated jury instructions shall be filed thirty (30) days prior to trial unless otherwise directed by the Court.  Jury instructions which are not agreed upon, together with a concise argument in support of the instruction, shall be filed with the Court and served upon each party at least thirty (30) days before trial.  Objections to the non-agreed upon jury instructions shall be filed with the Court and served upon each party fourteen (14) days thereafter.  No replies shall be permitted without prior approval from the Court.  All proposed jury instructions shall conform with Local Rule 51.  Motions in limine shall be filed   no  later  than  thirty (30) days before trial.  Any opposition shall be filed and served fourteen (14) days thereafter.  No replies shall be permitted without prior approval from the Court.

B.    <u>For a Bench Trial</u>

Trial briefs (only upon request of the Court), objections to exhibits, objections to deposition testimony, motions in limine, and stipulations shall be filed and served at least thirty (30) days prior to trial.  Proposed findings of facts and conclusions of law (only upon request of the Court) shall be filed fourteen (14) days prior to trial, or as otherwise directed by the Court.

## XII.    PROBABLE LENGTH OF TRIAL

Each party shall identify the estimated length of time it will take to present its case.

## XIII.    ADDITIONAL INFORMATION THAT MAY BE HELPFUL TO THE COURT

A.    <u>Pending Motions</u>: Identify all motions that remain pending on the docket as of the date of this Joint Proposed Pretrial Order.

- 4 -

B.    Any other information that may be helpful to the Court.

## XIV.  INFORMATION FOR COURT REPORTER

In order to facilitate the creation of an accurate record, please file a "Notice to Court Reporter" **one week before trial** containing the following information that may be used at trial:

1.    Proper names, including those of witnesses;

2.    Acronyms;

3.    Geographic locations;

4.    Technical (including medical) terms, names or jargon;

5.    Case names and citations; and

6.    Pronunciation of unusual or difficult words or names.

In addition, please send (or transmit electronically) to the court reporter a copy of the concordance from key depositions.

## XV.  CERTIFICATION

Undersigned counsel for each of the parties in this action do hereby approve and certify:

1.    All discovery has been completed.

2.    The identity of each witness has been disclosed to opposing counsel.

3.    Each exhibit listed herein: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

4.    All other form and content of this proposed Joint Pretrial Order.

## XVI.  ADOPTION

The Court may adopt this proposed Joint Pretrial Order at the Pretrial Conference or at a subsequent hearing.


_____          _____

Attorney for Plaintiff                    Attorney for Defendant

- 5 -